No. 23,096.

A. A. STRATFORD, *Appellee,* v. LESLIE L. PETTICORD, *Appellant.*

SYLLABUS BY THE COURT.

CONTRACT—*To Procure Insurance on Aëroplane—Contract Indefinite— Loss—Petition for Damages Fails to State Cause of Action.* A bill of particulars alleged that the manager of a corporation contracted with the plaintiff, a stockholder, that the corporation would procure insurance on at least one of a number of aëroplanes owned by it, without specifying which one should be insured; that none was insured; that one was destroyed by a contingency against which insurance was to have been obtained; and that the plaintiff was damaged. *Held,* that the contract was indefinite and that a cause of action against the manager for damages was not stated.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed April 9, 1921. Reversed.

*Chester I. Long, Austin M. Cowan, Claude I. Depuy,* and *Forest D. Siefkin,* all of Wichita, for the appellant.

*William Keith,* of Wichita, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This is an appeal from an order overruling a demurrer to a bill of particulars which alleged that the plain-

tiff and defendant entered into a contract by which the defendant purchased from the plaintiff, 18 shares of the capital stock of the Wichita Aëroplane Service Company, a Kansas corporation, and in which contract the defendant agreed that the corporation would—

"Forthwith procure and take out accident, fire, damage and liability insurance to the extent of $2,000.00 on at least one of the aëroplanes owned by said company for a period of six months' time from this date."

One aëroplane was wrecked while in use. The bill of particulars alleged that the wrecked plane was one of those owned by the company, and that none of them was insured. The plaintiff sued to recover the damages sustained by him by reason of the failure of the defendant to have the corporation take out the insurance named.

Did the bill of particulars state a cause of action? The defendant argues that the contract provided that the corporation would take out the insurance, not that the defendant would do so; that the loss of the aëroplane was the loss of the company, not of the plaintiff; and that the loss to the corporation must be recovered by it, not by a stockholder.

The decision of this court is based on a different proposition. If insurance had been procured, it might have been on a plane that was not destroyed. In that event, the defendant would have complied with his contract, but the plaintiff could not have recovered damages. To enable the plaintiff to recover damages for the violation of the contract, it should have specified the aëroplane that was to be insured or should have provided for insurance on all the planes the corporation owned.

If a farmer should ask an insurance agent for insurance on the life of one of ten horses, and the agent would say that he would write such insurance, neither specifying which horse should be insured, and the agent should receive the premium for the policy but would fail to write it, and one of the horses should afterward die, the farmer could not recover the damages sustained by him for the reason that the horse that died might not have been the one that would have been insured. The contract would be so indefinite that it would be incapable of being the foundation for the recovery of damages for its violation. In 13 C. J. 266 it is said, "It is essential to a contract that the

nature and extent of its obligations be certain." (See, also, 6 R. C. L. 643-646; Clark on Contracts, 3d ed., 7, 54; I Page on the Law of Contracts, §§ 87, 88.)

A cause of action was not stated. The judgment is reversed, and the district court is directed to sustain the demurrer to the bill of particulars.